## Palmer Transfer Co. v. Dougherty.

(Decided September 28, 1910.)

Appeal from McCracken Circuit Court.

Negligence—Driving Omnibus Rapidly in City—Injury to Aged Man—Question for Jury.—Where an omnibus, being driven in the principal business section of a city, at the rate of seven or eight miles an hour, near the intersection of two important streets, runs against and injures a man 71 years of age and blind in one eye, whether the driver is or is not guilty of negligence is a question for the jury.

J. D. MOCQUOT for appellant.

OLIVER, OLIVER & WICKLIFFE, and BURNS & BURNS, for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Charging that he was injured by the negligence of the appellant, Palmer Transfer Company, the appellee, George M. Dougherty, brought this action to recover damages. A jury returned a verdict in his favor for $500. From the judgment based thereon this appeal is prosecuted.

Appellee was injured near the crossing of Broadway and Third streets in the city of Paducah. When about half way across the street he was struck by one of appellant's busses which was being driven west, a little to the right of the center of the street. Appellee was an old man, seventy-one years of age, and blind in his left eye. Before starting across the street he claims to have looked in each direction and to have seen no vehicle approaching. According to the testimony of his witnesses, there was no other vehicle going east at the time. According to the evidence for appellant, an express wagon, going east, was next to the curbing from which appellee started in his effort to cross the street. Appellee waited until this wagon passed, and then stepped immediately in front of the bus, which at the time was being driven at about seven or eight miles an hour.

It is insisted by counsel for appellant that, under these facts, appellant was entitled to a peremptory in-

struction. We cannot say, however, as a matter of law, that, where an omnibus is being driven in the principal business section of a city, at the rate of seven or eight miles an hour, near the intersection of two important streets, the driver is not guilty of negligence. Under such circumstances, the question is one for the jury.

While the remarks of appellee's counsel in the presence of the jury were not free from impropriety, we can not say that they were such as to prejudice the substantial rights of the appellant; especially in view of the fact that the court immediately admonished appellee's counsel and directed the jury not to consider what he had said.

Upon the whole case, we see no reason why the judgment should not be affirmed; and it is so ordered.